Joseph PAOLA, Plaintiff–Appellee,

v.

Arthur L. SPADA, individually and as Commissioner of the Connecticut Department of Public Safety; George E. Luther, individually and as Deputy Commissioner of the Connecticut Department of Public Safety; and John

Blaschik, individually and as Deputy State Fire Marshal of the Connecticut Department of Public Safety, Defendants–Appellants.

No. 06–1379–cv.

United States Court of Appeals, Second Circuit.

Nov. 9, 2006.

Sandra L. Snaden (Hubert J. Santos, on the brief), Santos & Seeley, P.C., Hartford, CT, for Appellants.

Craig T. Dickinson, Madsen, Prestley & Parenteau, Hartford, CT, for Appellee.

PRESENT: WILFRED FEINBERG, PIERRE N. LEVAL and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Defendants Arthur L. Spada, George E. Luther, and John Blaschik appeal an order of February 23, 2006 denying their motions for summary judgment on plaintiff Joseph Paola's First Amendment retaliation and equal protection claims. Defendants argue that they are entitled to qualified immunity on Paola's claims. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

Defendants argue on appeal that Paola cannot make out a claim for First Amendment retaliation based on his internal affairs complaint because he made the complaint pursuant to his official job duties.

Because this argument rests on *Garcetti v. Ceballos*, —— U.S. ——, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006), which was decided after the District Court issued its opinion, the parties did not have the opportunity to develop the record related to Paola's job duties, and the District Court did not have the chance to consider the argument. As a result, the District Court made no determinations as to the scope of Paola's job duties or as to whether they obligated him to file his internal affairs complaint. We will remand to the District Court so that it may address defendants' arguments based on *Garcetti* in the first instance. In doing so, the District Court should consider any requests for additional discovery before it entertains renewed argument for summary judgment.

On remand, the District Court should also consider Paola's equal protection claim under the correct legal standard. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam); *Bizzarro v. Miranda*, 394 F.3d 82, 86–88 (2d Cir.2005). We have warned that, to satisfy the "similarly situated" element of an equal protection claim, "the level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high." *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir.2005). We note, however, that the District Court did not articulate the standard it used in determining whether Paola was similarly situated to other officers who were treated more favorably than Paola. On remand, the District Court should consider our decision in *Neilson* when deciding whether sufficient evidence of similarity exists to make out a jury question on Paola's equal protection claim. *See Skehan v. Vill. of Mamaroneck*, 465 F.3d 96, 111 (2d Cir.2006).

In sum, we hereby VACATE the February 23, 2006 order of the District Court

and REMAND to the District Court for further proceedings.

The mandate shall issue forthwith.